# CIRCUIT COURT OF LANCASTER COUNTY

Christopher Thomas Selph

v.

Stephen Elbourn,
Jeffrey Allen Abbott,
and Charles Jeffries

November 25, 2009

Case No. CL09-24

BY JUDGE HARRY T. TALIAFERRO, III

This civil suit is an action on an intentional tort of battery by a BB pellet fired by Abbott striking Selph in the eye. In numerous additional counts, claims of negligence, negligence *per se*, gross negligence, willful and wanton negligence, and negligent entrustment are made against the defendants. The many negligence claims are interpleaded with counts alleging that Jeffries and Elbourn aided and abetted the unlawful battery by encouraging and inciting Abbott through words and gestures to shoot Selph and that all defendants combined, agreed, and consented in a conspiracy to assault and batter Selph using the BB gun.

It is alleged that Jeffries provided the vehicle; that Elbourn drove it to the scene, stopped, and, after the shot, drove away to avoid the authorities; that Abbott shot Selph from the cover of the vehicle; that, at all times, all defendants stayed in the vehicle; and that Elbourn and Jeffries provided Abbott the BB gun and encouraged and incited him to shoot Selph. (Comp. ¶¶ 1-7, 26, 30, 46, 65, and 98.)

The following is a summary of the posture of this twelve count litigation according to the Court's modified ruling on the Demurrers.

*Count I: Assault and Battery of Selph by Abbott.* No demurrer was made to this Count.

*Count II: Jeffries and Elbourn Aided and Abetted Abbott in His Battery of Selph.* The Demurrers of Jeffries and Elbourn remain overruled by the Court. The Court deemed the allegations that Jeffries and Elbourn actively encouraged and incited Abbott to shoot Selph to state a cause of action as supported in law by the case of *Daingerfield v. Thompson,* 74 Va. (33 Gratt.) 136 (1880).

*Count III: Civil Conspiracy by All Defendants.* While the Court sustained the Demurrers to this Count with leave to amend, the Court changes its ruling to overrule the Demurrers. This is based upon the law of Virginia that a civil conspiracy is defined as a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means. *Werth v. Fire Adjust. Bureau,* 160 Va. 845, 855, 171 S.E. 255, 258 (1933). To survive a demurrer, an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose. *Hechler Chevrolet v. General Motors Corp.,* 230 Va. 396, 402, 337 S.E.2d 744 (1985). Under the standard of notice pleading, this has been sufficiently pleaded in Count III.

*Count IV: Willful and Wanton Negligence by Abbott.* No demurrer was made to this Count.

*Count V: Willful and Wanton Negligence by All Defendants.* The Demurrer to this Count by Elbourn was overruled. The Court rejected the argument that this claim failed to state a cause of action because Selph failed to sufficiently allege facts supporting a joint non-business enterprise among the defendants. The claim is sufficiently supported in law and fact by the allegations of Jeffries and Elbourn aiding and abetting Abbott and in all parties engaging in a conspiracy to carry out the shooting.

*Count VI: Gross Negligence by Defendant Abbott.* No demurrer was made to this Count.

*Count VII: Gross Negligence by All Defendants.* The Demurrer to this Count by Elbourn was overruled for the same reason the Demurrer to Count V was overruled.

*Count VIII: Negligence per se by Defendant Abbott.* It was argued on this Count and on Count IX that Abbott, as the principal actor, and Elbourn and Jeffries, as aiders and abettors, and/or all three as co-conspirators acted unlawfully in violation of § 18.2-282 by brandishing or holding a BB gun in such a manner as to reasonably induce fear in the mind of another of being shot. The allegations in the Complaint are that Abbott shot Selph in the eye, but there is no allegation that the weapon was brandished or held in a manner to reasonably induce fear in the mind of anyone. There is no allegation anyone

outside the vehicle saw the BB gun or heard words of encouragement to shoot it. The allegation in the Complaint that Abbott fired the BB gun "from the cover of the vehicle" strongly infers the shooting to be a sniper shot. The Court sustains the Demurrers to Counts VIII and IX, but modifies its prior ruling to allow plaintiff to amend these Counts to allege other law which may support negligence *per se*.

*Count IX: Negligence per se by All Defendants*. See above.

*Count X: Negligence of Defendant Abbott*. No demurrer was made to this Count.

*Count XI: Negligence by All Defendants*. The only Demurrer to this Count filed by Elbourn was overruled for the same reasons applicable to the Demurrers overruled in Count V and Count VII.

*Count XII: Negligent Entrustment by Jeffries*. The elements of negligent entrustment were properly alleged in this Count and, accordingly, the Demurrer by Jeffries was overruled.

Finally, the Court overruled the Demurrer to plaintiff's claim for punitive damages as the same are properly recoverable on a claim of intentional tort or willful and wanton negligence as supported by the Counts alleging aiding and abetting and civil conspiracy. The Demurrers to claims for punitive damages in Counts I through Count VIII are accordingly overruled. Counts IX through XII do not in their prayer for relief seek punitive damages. None would be permitted for simple negligence.

A proper Order reflecting the Court's ruling as herein stated shall be prepared by counsel for the defendants who have prevailed in part on their Motions. The Order shall provide that the plaintiff shall have twenty-one days from the date of entry to file amended pleadings and defendants shall have twenty-one days to file such responsive pleadings as they may be advised.